## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER CHARLES,
    Plaintiff,

    v.

SAXBY'S,
    Defendant.

:
:
:
:
:
:
:
:

**CIVIL ACTION NO. 19-CV-4955**

### MEMORANDUM

SÁNCHEZ, C.J.                                                                NOVEMBER 6th, 2019

*Pro se* Plaintiff Peter Charles has filed a Complaint using the Court's preprinted form.

He has also filed a Motion to Proceed *In Forma Pauperis*. Because it appears that Charles is

unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma*

*pauperis*. For the following reasons, the Complaint will be dismissed without prejudice and

Charles will be granted leave to file an amended complaint.

## I.     FACTS

Charles's Complaint is completely blank save for the caption area and the signature.

After writing "Saxby's" in the caption area, Charles writes "on 9-28-2019 was put out for no

reason by police." (ECF No. 2 at 1.)[1] He also avers that he was charging an electronic device

when an employee told him they did not want him in the store, and he was arrested because of

the incident. (*Id.*) He mentions the badge numbers of two police officers, that an advertisement

offered free coffee, but he was denied a free coffee. Additional writing is incomprehensible.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

## II.    STANDARD OF REVIEW

The Court will grant Charles leave to proceed *in forma pauperis* because it appears that

he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. §

1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state

a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted). Conclusory allegations do not suffice. *Id.* As Charles is proceeding *pro

se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir.

2011).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the

pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a

proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ.

P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d

116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be

raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff

commencing an action in federal court bears the burden of establishing federal jurisdiction. *See

Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of

establishing federal jurisdiction rests with the party asserting its existence." (citing

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short

a plain statement of the claim showing that the pleader is entitled to relief." A district court may

*sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so

confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well

disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court

has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on

sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to

determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219,

at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

From the limited facts alleged in Charles's Complaint, the Court can discern no basis for

the exercise of subject matter jurisdiction. Charles did not indicate on the Complaint form

whether he seeks to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331 or

diversity jurisdiction pursuant to 28 U.S.C. § 1332. To the extent that he seeks to invoke federal

jurisdiction to vindicate his "rights" against Saxby's, the vehicle by which he may do so is

Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes
> to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

42, 48 (1988). Saxby's does not appear to be a "state actor" subject to liability under § 1983, but rather appears to be a private retailer.

To the extent that Charles seeks to bring claims on state law grounds, he has not met his burden to demonstrate complete diversity among the parties. Section 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Charles claims that he resides in Philadelphia and provides no address for Saxby's. Accordingly, he has failed to meet his burden to demonstrate complete diversity among the parties.

Because Charles has failed to meet his Rule 8 obligation to provide enough information to establish this Court's subject matter jurisdiction, the Court will dismiss his Complaint without prejudice and with leave to file an amended complaint within thirty (30) days. If Charles chooses to file an amended complaint, he must state the basis for the Court's exercise of jurisdiction and provide sufficient information about how each Defendant acted to harm him.

**BY THE COURT:**

JUAN R. SANCHEZ, C.J.

4